## INDUSTRIAL COMMISSION v AUSTIN

Ohio Appeals, 5th Dist, Coshocton Co

No 213.   Decided June 7, 1935

Mr. Mitchell, Columbus, and Russell Lyons, Coshocton, for plaintiff in error.

Robert Lee, Cleveland, for defendant in error.

## OPINION

By LEMERT, J.

It was the contention of the plaintiff in error in the court below that there is no basis for recovery from the Workmen's Compensation Fund by reason of a disease or ailment not the direct result of an injury and that the right of recovery cannot be predicated upon the theory that the work in which the employee was engaged was heavy or of a strenuous character and by long continuance resulted in some physical impairment.

The errors relied upon by the plaintiff in error are:

1. The court erred in refusing to give before argument special request No. 3.

2. That the court erred in its general charge to the jury and that the court erred in refusal to direct a verdict for the defendant.

Request No. 3, which was refused by the court below to give before argument is as follows:

"You are charged, as a matter of law, that in your consideration of the evidence in this case the fact that the work being done by James Austin on August 25, 1930, was light or heavy work has no place in your consideration of the right of the plaintiff to recover in this case, for what is heavy work for one man, for another, may be so light as to involve no hazard at all."

The rule of law is well settled that the law confers upon parties the absolute right to have proper instructions when presented in writing given to the jury before argument and error in refusing to give such requested charge before argument is not cured by giving the same instructions in substance or in terms in the general charge. (125 Oh St 591).

We are of the opinion that request No. 3 should have been given before argument as requested and it was error for the court below not to give it.

We note in the charge of the court in its general charge the following language was used:

"Now the fact of course that a workman is injured or is killed does not in itself render the State liable to pay an award. In addition to an injury or death, it must be found and you must find in this case by the proper degree of evidence that the death of Mr. Austin was caused by his employment or by the work that he was doing at the time of his death. That work, and you have heard the evidence as to what it was, must have been the proximate cause of his death or must have been the proximate cause that hastened his death, and by proximate cause we mean 'real cause.'

The contention of the plaintiff is that the cause of Mr. Austin's death was the strain caused by the work he was engaged in, while it was the ordinary work that he was engaged in and followed, the claim is that it was strenuous, muscular work and the strain of the work caused the exertion and strain upon his heart and that is what killed him. On the other hand the Industrial Commission claims that the work that he was engaged in did not cause his death, that he was a man of advanced age and that through natural causes that his heart or some vital function ceased and that it would have done so if he had not engaged in this work. It is a well known fact and it is a fact of common knowledge that people of advanced age suddenly die while apparently in good health up to the minute of their death, and this happens whether they are at work or at play or wherever they may be.

Now, it is necessary in this case for the plaintiff to satisfy you by a preponderance of the evidence that whatever caused the death of Mr. Austin was caused by that work he was doing there; if that is what caused it and the plaintiff has satisfied you by a preponderance of the evidence that that is what caused it or hastened his death, then she would be entitled to participate in this fund. but unless she has so satisfied you by a preponderance of the evidence that the work is what did it, the work he was doing there is what produced his death, she should have no right to participate in this fund. * * *"

The Constitution and statutes of this state make a clear distinction between injury and disease. The only diseases which are compensable are certain occupational diseases enumerated by the statute.

The term "injury" as used in the Workmen's Compensation Law of Ohio comprehends only such injuries as are accidental in their origin and cause. (126 Oh St 299).

In cases of this nature the burden is upon the claimant to prove by a preponderance of the evidence that the condition of which

he complains is the result of physical injury received in the course of his employment. Compensation provided by the Workmen's Compensation Law is for death, injuries or specified occupational diseases incurred in the course of employment.

To entitle a claimant to an award for death of an employee it is not sufficient to show that death occurred while he was engaged in the employment, there must be some evidence that the employment had some causal connection with the injury either through its activities, its conditions or its environments.

From an examination of this record, we find that there is no evidence in this case of an injury accidental in its origin and cause which caused the death of plaintiff's decedent and the court erred in refusing to give defendant's request No. 3 and erred in giving an incorrect rule of law in its general charge to the jury. For these reasons, the judgment of the court below is reversed and cause remanded to the court below for further proceedings according to law. Exceptions noted.

MONTGOMERY and SHERICK, JJ, concur.